UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL JAMES, LLC a Florida limited liability
company doing business as Pine Ridge
Coachworks,

                    Plaintiff,

-vs-                                      Case No. 2:08-cv-716-FtM-36SPC

PINE RIDGE IMPORTS OF NAPLES, INC. a
Florida corporation; RICHARD E. BRAVIERI
individually; MARGRET J. BRAVIERI
individually; VARIOUS JOHN DOES; VARIOUS
JANE DOES; ABC COMPANIES,

                      Defendants.
_____

## ORDER

This matter comes before the Court on the Defendants Richard and Margaret Bravieri's Amended Motion to Compel Discovery (Doc. #144) filed on March 5, 2010. The Plaintiff, Michael James, LLC. filed its Response in Opposition (Doc. # 147) on March 10, 2010. The Motion is now ripe for review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order

to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Defendants argue that the Plaintiff failed to produce any of their discovery requests first propounded: requests for production on February 5, 2009, and interrogatories on March 16, 2009. The Defendants claim that the Plaintiff filed objections and limited responses to Defendants' First Request for Production of Documents, but that the responses included no actual documents. The Defendants also claim that the Plaintiff filed twenty-nine (29) privilege objections but failed to produce a privilege log. Thus, the Defendants move the Court to deem the Plaintiff's privilege objections as waived. The Defendants further assert that the answers to the interrogatories were not signed and therefore unverified.

According to the Defendants, they contacted the Plaintiff on January 7, 2010, to resolve the dispute, after prior counsel was unable to obtain the discovery. The Defendants state that the Plaintiff's Counsel did not respond to the discovery requests. The Defendants state they finally got Plaintiff's Counsel Jennifer Whitelaw on the line on February 23, 2010. The Defendants claim that Whitelaw referred counsel to the law firm of Thomson Goodis, who in turn told them that Whitelaw had the discovery. The Defendants assert that they then sent a representative from Cecil's Copying service to Whitelaw's office but that there was no production there to be copied.

The Plaintiff states that all of the documents responsive to the requests for production have been produced and are at Whitelaw's office, ready for inspection and have been for over a year. The Plaintiff states that no one from any copying service ever showed up at Whitelaw's office to make copies of the production. As for the privilege claims, the Plaintiff states that while the privilege claim was asserted that none of the requested documents have been withheld, thus no privilege log

would be necessary. Thus, the materials have been produced in compliance with Fed. R. Civ. P. 34., and the Motion to Compel Production is due to be denied.

The Plaintiff admits that the interrogatories were unsigned and therefore, unverified. The Plaintiff states that if a confidentiality agreement were in place they would sign the interrogatories. The Plaintiff's objection is not well taken. The interrogatories should have been signed when they were produced or the privilege objection should have been made without the production.

The Parties state that they have tried to meet and come to an agreement on a confidentiality order, but have been unsuccessful as of this date. The Court will, therefore, issue a Confidentiality Order under separate cover to be applied in this case.

Accordingly, it is now **ORDERED:**

The Defendants Richard and Margaret Bravieri's Amended Motion to Compel Discovery (Doc. #144) is **GRANTED in part and DENIED in part**.

(1) The Defendants Richard and Margaret Bravieri's Amended Motion to Compel Answers to the Interrogatories is **GRANTED**. The Plaintiff has up to and including **April 5, 2010**, to produce signed answers to the Defendants' interrogatories.

(2) The Defendants Richard and Margaret Bravieri's Amended Motion to Compel Requests for Production is **DENIED**.

(3) The Court will issue a Confidentiality Order under Separate Cover.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of March, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record